```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:05-CR-00165 |
|  | : |  |
| v. | : |  |
|  | : | **OPINION AND ORDER** |
|  | : |  |
| SCOTT SHERWOOD RENSHAW. | : |  |

This matter is before the Court on Defendant's Motion to Suppress Based on Consent to Search That Was Coerced in Violation of the Fourth Amendment to the United States Constitution (doc. 19), and the government's Response in Opposition (doc. 25).  The Court held a hearing on this matter on October 18, 2006.  For the reasons indicated herein, the Court DENIES Defendant's Motion to Suppress.

**I.  Background**

At issue in the present motion is whether Defendant ultimately consented to a search of his home computer, or whether his consent was improperly coerced by law enforcement agents.  The underlying events in this case began on the afternoon of February 8, 2005, when two FBI agents, Jeffrey Klein and Anthony Weber, arrived at Defendant's door, and discussed with Defendant their belief that he possessed child pornography.  According to Defendant's motion, he was suffering from a severe sinus infection at the time, was on the prescription drug Vicodin, and he was

deceived by certain statements of the agents.

During the October 18, 2006 hearing, Jeffrey Klein testified that he and Mr. Weber chose to conduct a warrantless "knock and talk" interview of Defendant after they received information from the San Francisco division of the FBI that Defendant had been identified as a possible purchaser of child pornography. Klein testified that he and Weber arrived at Defendant's apartment mid to late afternoon on February 8, 2005, and explained they had evidence that Defendant had purchased a membership in a child pornography distribution service. Defendant, a 27-year old male, who at the time served in the U.S. Navy as an electronics technician, allowed the agents to enter his home, denied he had purchased child pornography, and suggested he had been the victim of identity theft. Defendant confirmed that he was using an email address that Klein stated was related to the San Francisco investigation. Although Defendant argued in his motion that the agents told him that in the event he would not consent to a search, they had probable cause to get a warrant, Klein did not remember making such a remark.

Klein did remember next he asked questions about Defendant's family situation, and he conducted a quick review of Klein's health. At this point, Defendant indicated he had a severe sinus infection, and was on antibiotics and the prescription drug Vicodin. Klein testified that Defendant "seemed perfectly lucid"

2

to him, "had an excellent command of the English language," was "articulate," and was "at no point any one that I felt was a zombie or under the influence of drugs."

Klein stated that Defendant agreed to allow him to see his computer and run an "image scan" program to verify the content on his machine. The government proffered exhibit two, which indicated Klein attempted to run the image scan program at 3:20 p.m., after Defendant signed a consent form permitting Klein to do so. The consent form Defendant signed states that Defendant gave his consent to the FBI to search his computer and to use the image scan program, that his consent was freely and voluntarily given, and that he had been advised of his right to refuse to grant his consent. Klein testified that the image scan program failed to operate correctly, so "at some point" he requested permission from Defendant to run a windows search. According to Klein, Defendant verbally agreed to such a search, and signed yet another consent form,(exhibit one), at 4:07 p.m. The second consent form authorized Klein to conduct a complete search of Defendant's computer, indicated Defendant had the right to refuse consent to the search, and states Defendant granted his permission freely and voluntarily, and not as the result of threats or promises of any kind. The form also authorizes the officers to take any evidence discovered in the search, together with the medium in or on which it is stored.

Klein testified that the windows search immediately produced an image that he identified as child pornography. Although Defendant argued in his motion that the image appears to portray adults rather than children, Klein testified that he recognized the photo from earlier investigations, and the image stuck in his mind because one of the girls in the photograph reminded him of somebody he knows. After seeing the image, Klein determined that the computer constituted contraband, and informed Defendant that he now had probable cause that Defendant possessed child pornography. Klein had Defendant fill out a property receipt, and then confiscated the computer.

**II. The Fourth Amendment**

Evidentiary searches and seizures must be reasonable to be valid under the Fourth Amendment. A search is not unreasonable if a suspect voluntarily consents to be searched. United States v. Salvo, 133 F.3d 943, 953 (6th Cir. 1998). The government bears the burden of proving the consent was voluntary under the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248 (1973). The government must prove by clear and positive testimony that the consent was unequivocal, specific, intelligently given and not influenced by any duress or coercion. United States v. Salvo, 133 F.3d 943, 953 (6th Cir. 1998). In conducting its inquiry, the Court should examine, among other factors, "the age, intelligence, and education of the individual; whether the individual understands

the right to refuse to consent; whether the individual understands his or her constitutional rights; the length and nature of detention; and the use of coercive or punishing conduct by the police." United States v. Worley, 193 F.3d 380, 386 (6th Cir. 1999). There is not valid consent where the official conducting the search asserts that he possesses a warrant. Bumper v. North Carolina, 391 U.S. 543, 548 (1968).

Seizure of evidence is also governed by the Fourth Amendment. Normally a warrant is required to seize evidence, but under the plain view doctrine, officers may seize evidence whose incriminating character is immediately apparent when the officers have a lawful right of access to the object. Horton v. California, 469 U.S. 128, 136-37 (1990).

**III. Discussion**

The government proffered testimony and exhibits that show Defendant voluntarily consented to the search of his computer. FBI agent Jeffrey Klein's unrebutted testimony was that he found Defendant to be lucid, articulate, and not to appear under the influence of drugs, or like a "zombie." Although Defendant suggests the fact he was on a prescription medication interfered with his ability to refuse consent, in this instance the Court finds such argument unsubstantiated. Defendant proffered no evidence as to the dosage he had taken, or medical testimony as to the effects of such dosage on his ability to consent. Moreover,

5

Defendant never took the stand at the hearing so as to allow his version of the facts be subject to cross-examination and a credibility determination.  The burden is of course on the government.  Here, the government has met its burden by proffering credible testimony that clearly outweighs Defendant's speculative theory and complete lack of testimony to the contrary.

Defendant also argued that "police appear to have misrepresented to [Defendant] that they had probable cause to get a search warrant to  seize the computer if [Defendant] did not consent" (doc. 19).  Again, Klein's unrebutted testimony does not bear this out.  Klein did not remember making any such representation.  The fact is, Defendant signed his consent, Exhibit 2, at 3:20 P.M., which expressly allowed the government "to search" his computer "and to use the Image Scan Software"  The consent form states on its face that Defendant's consent is free and voluntary, not given as the result of any threats or promises, and that Defendant had been advised of his right to refuse to grant consent.

Bumper v. North Carolina, 391 U.S. 543, 548 (1968), is not on point with the facts of this case simply because even if Defendant's version of the facts is true, still no official asserted he possessed a search warrant.  Under Defendant's version of the facts, Klein allegedly told Defendant that Klein had probable cause to get a warrant.  Had this been the case, Defendant

6

could have told Klein to go ahead and get a warrant.  Defendant could have refused to sign the consent forms that indicated he had a right to refuse to consent.

Clearly, the totality of the circumstances here show an adult male, who served in a professional capacity with the U.S. Navy, who clearly could read and understand the consent forms. Defendant was not detained, coerced, or punished. United States v. Worley, 193 F.3d 380, 386 (6th Cir. 1999). The Court concludes, therefore, that Defendant was capable of voluntarily consenting to a search, and did so.

The Court further concludes that the consent form voluntarily signed by Defendant at 4:07 P.M. on February 8, 2005, exhibit 1, explicitly authorized the officers to confiscate any evidence discovered during the search.  The Court finds credible Agent Klein's testimony that the image he saw, which was shown in open Court, had images of under-age girls.  This image was adequate for an experienced agent like Klein, who knew the image was contraband, to properly confiscate the computer.

## IV. Conclusion

The Court does not find Defendant's Motion to Suppress well-taken.  The search and seizure conducted by the FBI agents here was reasonable, comported with Fourth Amendment requirements, and took place with the voluntary consent of Defendant. Accordingly, the Court DENIES Defendant's Motion to Suppress (doc.

7

19).

    SO ORDERED.

Dated:    October 24, 2006    <u>/s/ S. Arthur Spiegel</u>
                                            S. Arthur Spiegel
                                            United States Senior District Judge