UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:05-CR-00165 |
|  | : |  |
| v. | : |  |
|  | : | **OPINION AND ORDER** |
|  | : |  |
| SCOTT SHERWOOD RENSHAW | : |  |
|  | : |  |

        This matter is before the Court on Defendant's
Supplemental Motion for Additional Discovery and Protective Order
and Motion to Declare H.R. 4472 Unconstitutional (doc. 37), and the
United States' Response in Opposition (doc. 40).  The Court finds
no need for oral hearing on this matter.

        In its December 13, 2006 Order, the Court addressed the
bulk of Defendant's concerns regarding discovery by ordering the
government to make available its evidence to Defendant's expert, in
Cleveland, Ohio, while retaining custody of all such evidence (doc.
41).  However, Defendant further challenged the constitutionality
of the applicable statute, 18 U.S.C. § 3509(m)[1], arguing that it
permits the government to bypass its burden to authenticate

_____

        [1]Defendant's Motion challenges H.R.4472, which on July 26,
2006, amended 18 U.S.C. § 3509(m) so as to require that material
constituting child pornography remain in the custody of the
government or the Court, but that such material be made
reasonably available in a government facility to Defendant and
his or her attorneys and experts.

evidence to determine whether the alleged child pornography is in fact actual child pornography (doc. 37).  Defendant indicated that the same issues bearing on the constitutionality of Section 3509(m) were pending before the Honorable Robert E. Payne, of the United States District Court for the Eastern District of Virginia, in the case <u>United States of America v. David Leroy Knellinger</u>, No. 3:06-CR-126 (<u>Id</u>.).  This Court therefore found it appropriate to stay its consideration of the question of the constitutionality of Section 3509(m) pending the outcome of the <u>Knellinger</u> decision.

On January 25, 2007, Judge Payne issued his decision, finding that Section 3509(m) "can be given a reasonable construction which avoids the need for a constitutional decision," and that such construction "simply requires the Court to ascertain. . .whether the statutorily required ample opportunity to examine, view, and inspect the hard drive has been given.  If not, the statute permits a copy to be supplied."   <u>United States v. Knellinger</u>, No. 3:06-CR-126, 2007 U.S. Dist. LEXIS 5825, *27 (E.D. Va., January 25, 2007).  After a review of the record before him, Judge Payne found that the practical realities facing the Defendant, in that he would be forced to incur cost-prohibitive expenses to transport expert equipment to a government facility, meant that the government could not provide ample opportunity for examination of the evidence.  <u>Id</u>. at *23, *27-28.  Accordingly, Judge Payne ordered the government to provide copies of the

2

evidence, subject to a protective order.  Id. at *28.

        The record before this Court is devoid of evidence that Defendant has found review by his expert in Cleveland cost-prohibitive, or that the government in any way has failed to provide ample opportunity for examination of the evidence.  The Court therefore finds no basis for a finding that the application of Section 3509(m) in this case violates Defendant's rights.  Indeed, should similar facts arise to those in Knellinger, the statute provides a safety valve in the event the government cannot provide ample opportunity for Defendant to review the evidence.

        The Court further rejects Defendant's arguments that Section 3509(m) allows the government to bypass its burden to authenticate evidence, and that the statute is unconstitutional in that it applies prior to a judicial finding that the images in question are in fact child pornography.  The government's position is well taken that the first issue is a trial issue to be addressed at the appropriate time.  As for the second issue, the Court finds well taken the government's argument that because Section 3509(m) guarantees Defendant access to the evidence at issue, there is no harm to Defendant even if he disputes the classification of the material as contraband.  Defendant can still prepare his case, and should he convince a jury that the government failed to meet its burden of proof in establishing beyond a reasonable doubt that the material constitutes child pornography, then he would be acquitted.

The Court finds no merit in Defendant's argument that the statute violates the work-product doctrine, as he has not established how he would be forced to reveal a trial strategy that he would not otherwise be required to show in advance under Fed. R. Crim. P. 16. In summary, the Court finds that though Section 3509(m) may inconvenience trial counsel and Defendant's experts, it does not preclude Defendant from preparing his case for trial.  As the statute provides a safety valve permitting the Court to order the production to Defendant of the materials where the government fails to make them reasonably available, the Court sees no basis for a due process challenge.  Section 3509(m) does not necessarily deny Defendant a fair trial.  United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982).  For all of these reasons, the Court rejects Defendant's challenge to the constitutionality of the statute, whether on its face, or as applied to the facts of this case.

Accordingly the Court DENIES Defendant's Supplemental Motion for Discovery and Protective Order and Motion to Declare H.R. 4472 Unconstitutional (doc. 37), SETS the final pretrial conference for 2:00 P.M. on March 14, 2007, and SCHEDULES the three-day jury trial to commence April 17, 2007.


SO ORDERED.

Dated: March 6, 2007           /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

4

5